## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TESS HOLLIS ANDRIATTI, | : | PRISONER HABEAS CORPUS |
| Inmate # 286347, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-4031-WSD-GGB |
| SHERIFF NEIL WARREN | : | |
| Respondent. | : | |

## ORDER, FINAL REPORT AND RECOMMENDATION

Petitioner, Tess Hollis Andriatti, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, has filed a habeas corpus petition under 28 U.S.C. § 2241. The matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1] For the reasons discussed below, I recommend that the petition be dismissed without prejudice.

---

[1] Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

### Petitioner's Claims

Ms. Andriatti contends that she is being held against her will on "illegal" charges. According to Ms. Andriatti, she was "charged but never indicted" in October of 2009 in Cobb County on five felony counts of first degree forgery, four counts of making false statements, and one count of "Georgia Rico." Ms. Andriatti further contends that she has been denied bond and that the state of Georgia lacks "in personam" jurisdiction to prosecute her because she is a woman. Ms. Andriatti seeks release and expungement of her criminal record.

### Discussion

Untried state charges may be challenged under § 2241 only under extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not grant relief that interferes with a pending state criminal prosecution. If Ms. Andriatti is currently being held on criminal charges, an order by this Court directing any type of relief would have the type of disruptive effect which *Younger* prohibits. *See Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002).

"In *Younger*, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Ms. Andriatti's allegations do not fall within the above exceptions to the *Younger* doctrine. She has not alleged irreparable injury or a flagrant violation of her rights, and her allegations do not demonstrate that her prosecution is motivated by bad faith. Thus, this Court is prohibited from interfering in Ms. Andriatti's state criminal proceedings under the *Younger* abstention doctrine.

Furthermore, 28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." Ms. Andriatti has at least one remedy available to her. She can file a petition for state habeas corpus relief under O.C.G.A. § 9-14-1(a), which states, "Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." She has not alleged that

3

AO 72A
(Rev.8/82)

she has attempted to seek state habeas corpus relief. So long as review is available in the Georgia courts, 28 U.S.C. § 2254(b)(1) prevents this Court from granting Ms. Andriatti habeas corpus relief.

### **Certificate of Appealability**

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

I find that Ms. Andriatti has failed to make a substantial showing of the denial of a constitutional right. This Court is prohibited from interfering in her ongoing state criminal proceedings, and she also has state remedies available to protect her rights. Thus, a certificate of appealability should not issue.

**Conclusion**

Based on the foregoing, **I RECOMMEND** that, under Rule 4, the petition [Doc. 1] be **DENIED** and this action be **DISMISSED WITHOUT PREJUDICE**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Ms. Andriatti be **GRANTED** *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to withdraw the reference to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 3rd day of February, 2014.

_____
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE