IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESS HOLLIS ANDRIATTI,

      Petitioner,

v.                            1:13-cv-4031-WSD

SHERIFF NEIL WARREN,

      Respondent.

**OPINION AND ORDER**

This matter is before the Court on Petitioner Tess Hollis Andriatti's ("Petitioner") *pro se* objections [6] to Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] ("R&R"). Also before the Court are Petitioner's Motion to Amend Defendants [5], Motion for the Court to Order and Compel Release [8], Motion for Default Judgment against Neil Warren, Cobb County Sheriff ("Warren") [9], and Motion for Default Judgment against the State of Georgia [10].

**I.    BACKGROUND**

Petitioner, proceeding *pro se*, is an inmate at the Cobb County Adult Detention Center in Marietta, Georgia. On December 4, 2013, Petitioner filed her

Petition pursuant to 28 U.S.C. § 2241 (the "Petition").[1]  In the Petition, Petitioner contends she is "imprisoned against her will" for "illegal" charges.  (Pet. at 1.)  According to Petitioner, in October 2009, she was "illegally charged but never indicted" with five felony counts of first degree forgery, four counts of making false statements, and one count of "Georgia Rico."  (Id.)  Petitioner asserts she was denied bond for "a victimless crime" and that "the entire manner constitutes a 'conspiracy against [her] rights' and '[a] denial of due process.'"  (Id.)  Petitioner also asserts that the State of Georgia lacks "in personam" [sic] "jurisdiction" to prosecute her because she is a woman.  (Id. at 2.)  Petitioner seeks release and expungement of her criminal record.

On February 3, 2014, the Magistrate Judge issued her R&R, reviewing the Petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), recommending that the Petition be dismissed without prejudice because it "plainly appears . . . that the petitioner is not entitled to relief in the district court."[2]  The

---

[1]  The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

[2]  Rule 1 provides that "[t]he district court may apply any or all of these rules [governing § 2254 cases] to a habeas corpus case not covered by [§ 2254]."  R. Governing § 2254 Cases 1(b).  The Court concludes that the Magistrate Judge appropriately applied Rule 4 to this case.

2

Magistrate Judge also recommended that the Court not grant Petitioner a certificate of appealability ("COA").

On February 3, 2013, Petitioner filed an "Amendments [sic] to Add Defendants," which the Court construes as her Motion to Add Defendants [5]. Petitioner seeks to add: Judge Dorothy Robinson; Sheriff Neal Warren; Cobb County, Georgia; Victor Reynols, "D.A.;" and Rebecca Keaton, "Superior Court Clerk."

On February 14, 2014, Petitioner filed her objections [6] to the R&R. On April 23, 2014, Petitioner filed a Motion for the Court to Order and Compel Release [8]. On May 29, 2014, Plaintiff filed Motions for Default Judgment [9, 10] against Warren and the State of Georgia[3] for not answering the Petition.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A

---

[3] The Court notes that Petitioner moved for default judgment against the State of Georgia. Petitioner has not named the State of Georgia as a defendant in this action.

district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Analysis

        1.    Objections to the R&R

In her objections, Petitioner asserted that she does "not have a pending criminal case" (Obj. at 1) and therefore the Magistrate Judge's application of Younger v. Harris, 401 U.S. 37 (1971), "cannot be used [because] [t]his case is not an open case with 'pending state criminal prosecution[s] and [Petitioner] is not being held on criminal charges." (Id. at 2.)  Petitioner's arguments are unfounded. In her Petition, Petitioner specifically stated that she is presently "imprisoned against her will," and was "charged . . . for 5 counts of Felony [sic]." (Pet. at 1.) The Magistrate Judge reasoned that if Petitioner is currently being held on criminal charges, as she asserts in her Petition, then the Court is prohibited by the Younger[4]

---

[4]    In Younger, the Supreme Court established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury

4

abstention doctrine from interfering with Petitioner's untried state criminal proceedings

Younger allows a federal court to intervene in a pending state criminal proceeding only under extraordinary circumstances. Those circumstances are: "(1) [that] there is evidence of state proceedings motivated by bad faith, (2) [that] irreparable injury would occur, or (3) [that] there is no adequate alternative state forum where the constitutional issues can be raised." See Hughes v. Attorney General of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (citing Younger, 401 U.S. at 53-54). The Magistrate Judge found that no exception to the Younger abstention doctrine applies in this action because Petitioner did not allege an irreparable injury or a flagrant violation of her rights. The Magistrate Judge also found that Petitioner's allegations do not demonstrate that her prosecution is motivated by bad faith.

In her objections, Petitioner made the conclusory assertion that she "has alleged irreparable injury and flagrant allegations of rights do [sic] demonstrate that her prosecution is motivated by bad faith" (Obj. at 2). Upon *de novo* review,

if denied equitable relief." Younger, 401 U.S. at 44-43. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 244 (1926)).

the Court concludes that Petitioner does not provide factual support for these conclusions, and Plaintiff's objections to the findings and recommendations in the R&R are required to be overruled.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) (approving rejection of conclusory assertions that lack factual support); see also Cain v. Polen, 454 F. App'x 716, 716 (11th Cir. 2011) (explaining that a prisoner's allegations must offer factual support, and conclusory statements are insufficient).

Petitioner did not object to the Magistrate Judge's finding that she has not sought state habeas corpus relief, and that she still has state court remedies available to her.[5]  Petitioner must exhaust her state court remedies before the Court can grant federal habeas relief that she is seeking under Section 2254.[6]  See Ali v.

---

[5]     A detainee in Georgia may seek a writ of habeas corpus to challenge the legality of her confinement.  See O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever . . . may seek a writ of habeas corpus to inquire into the legality of the restraint.").  Georgia permits a petitioner, whose habeas petition is not granted, to appeal the denial of habeas relief.  See O.C.G.A. § 5-6-34(a)(7).

[6]     A federal court cannot grant habeas relief unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Before seeking federal habeas corpus relief, "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan v.

State of Fla., 777 F.2d 1489, 1490 (11th Cir. 1985) (affirming dismissal of federal habeas petition "[b]ecause it is clear that the state is asserting exhaustion as a defense, and because it is clear that [the petitioner] did not exhaust available state remedies"). The Court finds no plain error in the Magistrate Judge's finding that Petitioner did not exhaust her state court remedies.

    2.    Certificate of Appealability

Petitioner next objects to the Magistrate Judge's recommendation that a COA be denied because "this Court has no right or ground to deny a [COA]" and "Petitioner has made a substantial showing of the denial of constitutional rights." (Obj. at 3.) A state prisoner proceeding under 28 U.S.C. § 2241 must obtain a COA to appeal from a district court's denial of the prisoner's habeas petition. See 28 U.S.C. § 2253(c)(1)(A); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003). A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant." See R. Governing § 2254 Cases 11. The Magistrate Judge correctly found that a COA should not be issued because Petitioner did not make a substantial showing of the denial of a constitutional right and reasonable jurists could not find this conclusion "debatable or wrong." See

---

Boerckel, 526 U.S. 838, 845 (1999); Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010).

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  The COA is denied and Petitioner's objection is required to be overruled.[7]

## III.  CONCLUSION

Having reviewed the Petition and Petitioner's objections, the Court agrees with the findings and recommendations of the Magistrate Judge in the R&R and finds further that Petitioner's objections are required to be overruled, and that this case is required to be dismissed without prejudice.[8, 9]

---

[7]  In its *de novo* review, the Court notes that even if Petitioner could make a substantial showing of the denial of an alleged constitutional right—which she has not—reasonable jurists could not disagree that the Petition is required to be dismissed based on lack of exhaustion.  See Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (noting that, when a habeas petition is dismissed on procedural grounds, "without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim . . . *and* . . . whether the district court was correct in its procedural ruling").

[8]  In light of Petitioner's *pro se* status, the Court assumes that Petitioner intended to bring against these additional defendants the same claims that she brings against Warren.  Petitioner does not explain who the proposed defendants are or why these individuals should be added as defendants to this action.  Petitioner has made no showing of permissive or required joinder under Federal Rules of Civil Procedure 19 and 20.  Because Petitioner failed to allege anything for which the proposed defendants may be liable, the proposed defendants have no "fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Enwonwu v. Fulton-Dekalb Hosp. Auth., 286 Fed. Appx. 586, 598 (11th Cir. 2008), citing Coon v. Georgia Pac. Corp., 829 F.2d 1563, 1569 (11th Cir. 1987) (internal citation omitted).  In light of Petitioner's failure make any showing of

Accordingly, and for the foregoing reasons stated in this Order,

**IT IS HEREBY ORDERED** that Petitioner's *pro se* objections [6] are **OVERRRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Defendants [5], Motion for the Court to Order and Compel Release [8], and Motions for Default Judgment [9, 10] are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

---

why these unknown individuals should be named as defendants in this action, Petitioner's Motion to Amend Defendants [5] is denied.

9   Petitioner's Motions for Default Judgment [9, 10] are also required to be denied. "The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985) (citing 10A Charles Alan Wright et al., Federal Practice and Procedure § 2685 (1983)).  Default judgment is not appropriate in this action.  See, e.g. Cruz v. United States, No. 1:13-cv-1843, 2013 WL 6145266, at *1 (N.D. Ga. Oct. 23, 2013) (citing Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987)) ("default judgment is not contemplated in habeas corpus cases"); Goodman v. Keohane, 663 F.2d 1044, 1048 n.4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief). The Magistrate Judge concluded that Petitioner's claims are meritless, and the Court finds no plain error in this finding.  Accordingly, Petitioner's Motion for the Court to Compel Release [8] is also required to be denied.

**SO ORDERED** this 25th day of July, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE